# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLA BARENBOY<br><br>    Plaintiff,<br><br>  v.<br><br>JANET NAPOLITANO,<br>Secretary, United States Department of<br>Homeland Security, et al.<br><br>    Defendants. | Civil Action<br><br>No. 09-CV-3082 |

February _24_, 2010

## OPINION

Plaintiff Alla Barenboy brings this action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, challenging defendants' refusal to grant an immigrant visa petition filed by Ms. Barenboy on behalf of Armen Danielyan, who, she contends, is her husband. Defendants, Secretary Janet Napolitano of the Department of Homeland Security, *et al.*, have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that this court does not have authority to review the agency's actions in this case.

- 1 -

I. Background

A. Procedural Posture

Alla Barenboy, the petitioner in the immigrant-visa proceedings and plaintiff here, is a 53-year-old American citizen who was naturalized on September 21, 1999. She brings this claim in order to require the U.S. Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security, to grant adjustment of status to her alleged spouse, Armen Danielyan, a citizen of Armenia.

On May 11, 2004, Danielyan was detained by officials from the Immigration and Customs Enforcement ("ICE") on the grounds that he had overstayed his visa, and removal proceedings against him were initiated. On August 26, 2004, Danielyan and Barenboy were married in Maryland. On September 24, 2004, plaintiff filed a Form I-130 ("Petition for Alien Relative") seeking that Danielyan be classified as her spouse and granted the right to remain in the United States. USCIS denied plaintiff's I-130 adjustment of status petition on October 28, 2006. Plaintiff filed a second I-130 petition on September 14, 2007, which USCIS rejected on July 11, 2008. On August 8, 2008, plaintiff filed an appeal with the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 23, 2009.

On July 30, 2009, plaintiff Barenboy brought this action for declaratory relief challenging the denial of her petition for adjustment of Danielyan's status. The government filed a motion to dismiss on September 17, 2009. Plaintiff filed a

memorandum in opposition on October 30, 2009.

## B. Facts

An American citizen petitioning for adjustment of status of her spouse to legal permanent resident must provide evidence showing that the foreign-national spouse qualifies as an "immediate relative." 8 U.S.C. § 1151(b)(2)(A)(i). Then, the Secretary of Homeland Security, "shall if [she] determines that the facts stated in the petition are true and that the [beneficiary] is an immediate relative . . . approve the petition . . . ." 8 U.S.C. § 1154(b). However, if the adjustment of status petition is submitted when the alien is already subject to deportation proceedings, the good faith marriage exception applies. 8 U.S.C. § 1255(e). This exception requires that the citizen "establish[] by clear and convincing evidence to the satisfaction of the [Secretary]¹ that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place." 8 U.S.C. § 1255(e)(3).

Barenboy contends that she and Danielyan were validly married in Maryland on August 26, 2004, after removal proceedings against Danielyan had been initiated. Accordingly plaintiff argues that her marriage to Danielyan qualifies for the good faith

---

¹ While Sections 1255 and 1154(b) refer to the Attorney General, the authority to approve adjustment of status petitions has been transferred by statute to the Secretary of Homeland Security and the USCIS. 8 U.S.C. § 271(b)(5). Thus references to the Attorney General "shall be deemed to refer to the Secretary." 6 U.S.C. § 557.

marriage exception and that Danielyan should not be removed from the United States. 8 U.S.C. § 1255(e). USCIS twice denied plaintiff's I-130 applications for adjustment of status on the ground that plaintiff had not satisfied the evidentiary requirements of Section 1255(e)'s good faith marriage exception. Based on an interview with Danielyan on the day he was detained by ICE officers, USCIS felt it had reason to believe that Danielyan was married to a woman named Gayane Asatryan, who still lived in Armenia.[2] After Barenboy filed the first petition for adjustment of status, USCIS issued a Notice of Intent to Deny the I-130 petition on the ground that Danielyan's marriage to plaintiff was invalid because he was still married to Asatryan. In response, plaintiff submitted a number of documents supporting her contention that Danielyan was not, and had never been, married to Asatryan. This petition for adjustment of status was denied on October 28, 2006.

Plaintiff filed a second I-130 petition which included new documentation supporting the asserted validity of her marriage to Danielyan. USCIS denied this second petition on July 11, 2008. The USCIS decision concluded that plaintiff had "failed to provide proof of the legal termination of all of [Danielyan's] previous marriages as

---

[2] The government contends that on May 11, 2004, the day Danielyan was detained, ICE officers asked Danielyan why he and Barenboy were not married, and he responded that he was "await[ing] divorce." ICE interpreted this statement to mean that Danielyan was still married to Asatryan, living in Armenia, and intended to marry plaintiff once he divorced Asatryan. Danielyan argues that he was referring to Barenboy's pending divorce from her now ex-husband and that the error occurred because of a mistake made by an interpreter.

required pursuant to 8 C.F.R. Part 204.2(a)(2)." USCIS further stated that, because Danielyan was not free to marry Barenboy, theirs was a bigamist marriage and thus was not bona fide. The second USCIS decision referred to an "overseas investigation" that uncovered two Department of State Forms OF-156 (Nonimmigrant Visa Application) filled out by Danielyan at the U.S. Embassy in Yerevan, one from 1999 and the other from 2001. Both visa applications, which were in Armenian, stated that Danielyan was married to Asatryan.

Plaintiff filed an appeal with the BIA on August 8, 2008, which the Board dismissed on March 23, 2009. The BIA "agree[d] with" the USCIS decisions denying the petitions,"based on [Danielyan's] sworn testimony to ICE officers, his two applications for a nonimmigrant visa (Form OF-156) indicating that the beneficiary was married to Gayane Asatryan, and [Barenboy's] failure to submit any evidence that [Danielyan's] prior marriage ha[d] been terminated." The BIA stated that plaintiff had "failed to establish that [Danielyan] was free to marry."

## II. Subject Matter Jurisdiction

USCIS denied Barenboy's petition for adjustment of Danielyan's status, concluding that Barenboy had not established that her Maryland marriage to Danieylan was, as mandated by 8 U.S.C. § 1255(e)(3), "entered into good faith." The BIA found no error in USCIS's action. Barenboy, disagreeing with the BIA, has asked this court to determine that USCIS's action, taking on behalf of the Secretary, was not soundly based.

But under the INA, a district court's authority to review decisions of the Secretary is limited; certain decisions are exempt from district court review::

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Section 1255(e)(3) falls squarely within the jurisdictional bar provided in subsection (i).

Accordingly, the complaint is dismissed for lack of subject-matter jurisdiction.[3]

---

[3] Barenboy characterizes the question as one of law–*i.e.*, whether the USCIS decision involved a mis-application of 8 U.S.C. § 1255(e)(3). If the question were to be viewed by a court of appeals as a question of law, the question would be cognizably by a court of appeals. REAL ID Act, Pub.L. 109-13, div. B, § 106(a)(1)(B), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(D)(1)) ("Nothing . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").